Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,,C,D,E,F,H,R,X,g) will be heard in Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt,org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: &lt;&lt;CmsHearingStart&gt;&gt;

FILED
1/14/2025 2:38 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L000555
Calendar, F
30968526

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MANUEL RIVERA, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | )  No.  2025L000555 |
| | ) |
| THE BOARD OF TRUSTEES of the | ) |
| UNIVERSITY OF CHICAGO; | ) |
| MICHAEL HAYES, individually and in his | ) |
| capacity as Interim Dean of Students at the | ) |
| UNIVERSITY OF CHICAGO; and | ) |
| JOHN DOES 1 and 2; | ) |
| | ) |
| *Defendants*. | ) |

For updated information about your case, including hearings, subsequent filings and other case information, please visit our Online Case Search and search for your case: https://casesearch.cookcountyclerkofcourt.org

## COMPLAINT AT LAW

Plaintiff Manuel Rivera, by and through his undersigned counsel, hereby respectfully complains and alleges against Defendants, THE BOARD OF TRUSTEES of the UNIVERSITY OF CHICAGO; MICHAEL HAYES, individually and in his capacity as Interim Dean of Students at the University of Chicago; and JOHN DOES 1 and 2, as follows:

### General Allegations Common to All Counts

1. Plaintiff is an individual and student at the University of Chicago.

2. Plaintiff is of Native Caribbean and Lebanese Arab descent.

3. On or about September 27, 2024, Plaintiff arrived on campus for the fall semester. Plaintiff lived on campus during that semester.

4. On or about October 11, 2024, Plaintiff was reading for his classes in the Library when he observed a crowd gathering on the Quad.

5. Plaintiff then went outside the library to see what was happening. He observed a group of students peacefully protesting against the ongoing genocide of Palestinians in Israeli-Occupied Gaza.

6. Plaintiff participated in the protest as it was peaceful and occurring in a public place.

Page **1** of **7**

7. On or about October 21, 2024, Plaintiff was awakened by two police officers knocking at his dormitory door.

8. As these police officers' identities are not known, they are identified here as John Does 1 and 2.

9. Those police officers were accompanies by a housing and resiudence official and two university deans.

10. The university deans instructed Plaintiff that he was required to vacate his dormitory immediately as he was being placed on involuntary leave due to his participation in the protest of October 11, 2024.

11. The deans informed Plaintiff that if he did not leave his dorm room immediately, he would be arrested.

12. The deans informed Plaintiff he would not be allowed to be present on campus in any capacity, including the residence and dining halls, effective immediately.

13. The deans informed Plaintiff that he should accept this as a "voluntary" leave, but that these actions were required of him and he would be arrested by John Does 1 and 2 if he did not immediately leave.

14. John Does 1 and 2 confirmed that if Plaintiff did not immediately leave his dorm room and the University of Chicago campus, he would be arrested.

15. The deans, and John Does 1 and 2, were acting in the ordinary course of their employment and on instructions from Interim Dean Michael Hayes.

16. Although Plaintiff was evicted on October 21, 2024, Defendants falsified their own records to indicate Plaintiff was given until December 9, 2024 to vacate.

Page **2** of **7**

17. In reality, he was forced out of his dorm room under threat of arrest on October 21, 2024, and Defendants falsified the records to give the illusion of complying with the law.

18. As a direct and proximate result of Defendants' actions, Plaintiff was made homeless.

19. Plaintiff has suffered from hunger and homelessness for months as a result of Defendants' actions.

### COUNT I – UNLAWFUL FIRST AMENDMENT RETALIATION
### Violations of 42 U.S.C. Sec. 1983
*Against All Defendants*

20. Plaintiff restates and realleges paragraphs 1-19 of this Complaint as if fully set forth herein.

21. Plaintiff peacefully and silently engaged in a protest in a public forum, which is First Amendment protected activity.

22. In response, Defendants suspended Plaintiff and banned him from campus.

23. Defendants also banned Plaintiff from his home.

24. This punishment was imposed solely because the Plaintiff was protesting against Israel. Had Plaintiff been protesting in favor of Israel, this discipline would not have been imposed by Defendants.

25. This conduct violates 42 U.S.C. 1983 and the First Amendment to the United States Constitution.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants in an amount to be proven at trial but not less than $50,000 per Plaintiff, plus costs, attorney fees, and whatever additional relief this Court deems appropriate.

### COUNT II – UNLAWFUL EVICTION IN TORT
*Against All Defendants*

26. Plaintiff restates and realleges paragraphs 1-25 of this Complaint as if fully set forth herein.

FILED DATE: 1/14/2025 2:38 PM   2025L000555

27. Defendants barred Plaintiff from his residence without an order of possession, any eviction action, or any lawful basis for doing so.

28. Defendants' conduct is prohibited by *People v. Evans*, 163 Ill. App. 3d 561, 565, 516 N.E.2d 817, 819 (1987).

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants in an amount to be proven at trial but not less than $50,000, plus costs, attorney fees, and whatever additional relief this Court deems appropriate.

## COUNT III – VIOLATIONS OF CHICAGO MUNICIPAL CODE SEC. 5-12-160
*Against the Board of Trustees and Hayes*

29. Plaintiff restates and realleges paragraphs 1-28 of this Complaint as if fully set forth herein.

30. Section 5-12-160 of the Chicago Residential Landlord and Tenant Ordinance ("CRLTO") prohibits extrajudicial, self help evictions in the City of Chicago.

31. Pursuant to Sections 5-12-030(a) – (c) of the Chicago Residential Landlord and Tenant Ordinance ("CRLTO"), Section 5-12-160 applies to *every* rented dwelling unit in the City of Chicago.

32. Plaintiff's dormitory was a rented dwelling unit in the City of Chicago, as he paid rent and was present for more than 32 continuous days.

33. Pursuant to Section 5-12-160:

> It is unlawful for any landlord or any person acting at his direction knowingly to oust or dispossess or threaten or attempt to oust or dispossess any tenant from a dwelling unit without authority of law, by plugging, changing, adding or removing any lock or latching device; or by blocking any entrance into said unit; or by removing any door or window from said unit; or by interfering with the services to said unit; including but not limited to electricity, gas, hot or cold water, plumbing, heat or telephone service; or by removing a tenant's personal property from said unit; or by the removal or incapacitating of appliances or fixtures, except for the purpose of

FILED DATE: 1/14/2025 2:38 PM   2025L000555

> making necessary repairs; or by the use or threat of force, violence or injury to a tenant's person or property; or by any act rendering a dwelling unit or any part thereof or any personal property located therein inaccessible or uninhabitable. The foregoing shall not apply where:
>   (a) A landlord acts in compliance with the laws of Illinois pertaining to forcible entry and detainer and engages the sheriff of Cook County to forcibly evict a tenant or his personal property; or
>   (b) A landlord acts in compliance with the laws of Illinois pertaining to distress for rent; or
>   (c) A landlord interferes temporarily with possession only as necessary to make needed repairs or inspection and only as provided by law; or
>   (d) The tenant has abandoned the dwelling unit, as defined in Section 5-12-130(e).
>   Whenever a complaint of violation of this provision is received by the Chicago Police Department, the department shall investigate and determine whether a violation has occurred. Any person found guilty of violating this section shall be fined not less then $200.00 nor more than $500.00, and each day that such violation shall occur or continue shall constitute a separate and distinct offense for which a fine as herein provided shall be imposed. If a tenant in a civil legal proceeding against his landlord establishes that a violation of this section has occurred he shall be entitled to recover possession of his dwelling unit or personal property and shall recover an amount equal to not more than two months' rent or twice the actual damages sustained by him, whichever is greater. A tenant may pursue any civil remedy for violation of this section regardless of whether a fine has been entered against the landlord pursuant to this section.

34. Plaintiff is entitled to twice his actual damages, plus costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants in an amount to be proven at trial but not less than $50,000 per Plaintiff, plus costs, attorney fees, and whatever additional relief this Court deems appropriate.

### COUNT IV – VIOLATIONS OF 42 U.S.C. 1983
*Against the John Doe Defendants*

35. Plaintiff restates and re-alleges paragraphs 1-34 of this Complaint as if fully set forth herein.

36. Pursuant to 42 U.S.C. 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

37. The John Doe Defendants violated Plaintiff's rights under Illinois law and the U.S. Constitution by requiring Plaintiff to vacate his unit without a judicial order of possession.

38. The illegality of the John Doe Defendants' actions is settled law. *See People v. Evans*, 163 Ill. App. 3d 561, 562 (Ill. App. Ct. 1987); *City of Quincy v. Daniels*, 246 Ill. App. 3d 792, 797 (Ill. App. Ct. 1993).

39. As such, the John Doe Defendants knew or should have known his actions were illegal.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants in an amount to be proven at trial but not less than $10,000, plus his costs of suit, attorney fees, and for whatever additional relief this Court deems appropriate and just under the circumstances.

Respectfully Submitted,
MANUEL RIVERA

/s/ Sheryl Weikal
By his counsel

FILED DATE: 1/14/2025 2:38 PM   2025L000555

Sheryl Weikal, Esq. #6311043/#62447/#366156
518 South Route 31, Suite 113
McHenry, Illinois 60050
(847) 975-2643
Sheryl@weikallaw.com

#11

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MANUEL RIVERA, | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) No. 2025L000555 |
| THE BOARD OF TRUSTEES of the UNIVERSITY OF CHICAGO; MICHAEL HAYES, individually and in his capacity as Interim Dean of Students at the UNIVERSITY OF CHICAGO; and JOHN DOES 1 and 2; | ) ) ) ) ) ) ) ) |
| *Defendants.* | ) |

## ORDER

This cause coming to be heard before the Court, and the Court being fully advised, **IT IS HEREBY ORDERED** that the case management set for March 19, 2025 is stricken and reset for April 15, 2025, 4/16/9 in person in Room 2201 at the Daley Center. at 10:00 A.M.

Dated: March 19, 2025

/s/ _____
Honorable Court

Sheryl Weikal Esq., No. 62447/6311043
518 South Route 31, Suite 113
McHenry, Illinois 60050
(847) 975-2643
sheryl@weikallaw.com

Associate Judge Moira S. Johnson

MAR 19 2025

Circuit Court - 1836