IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MANUEL RIVERA,<br><br>        Plaintiff,<br><br>v.<br><br>THE BOARD OF TRUSTEES of the UNIVERSITY OF CHICAGO; MICHAEL HAYES, individually and in his capacity as Interim Dean of Students at the UNIVERSITY OF CHICAGO; and JOHN DOES 1 through 4,<br><br>        Defendants. | Case No. 1:25-cv-03505<br><br>Hon. Judge Jeffrey I. Cummings |

**INITIAL STATUS REPORT**

    **I.**    **The Nature of the Case**

        **a. Identify names and contact information for all attorneys of record for each party, including the lead trial attorney.**

        The attorneys of record for each party are as follows:

        *Plaintiff's Counsel*
        Sheryl Weikal (Bar No. 6311043) (lead trial attorney)
        518 South Route 31, Suite 113
        McHenry, IL 60050
        Telephone: (847) 975-2643
        Email: sheryl@weikallaw.com

        *Defendant the University of Chicago and Michael Hayes's Counsel*
        Kathryn Wynbrandt (Bar No. 6324872) (lead trial attorney)
        Erica Turret (admitted *pro hac vice*)
        Mary-Claire Spurgin (admitted *pro hac vice*)
        JENNER & BLOCK LLP
        1099 New York Ave. NW, Suite 900
        Washington, DC 20001
        Telephone: (202) 639-6000
        Facsimile: (202) 639-6066
        Email: kwynbrandt@jenner.com
        Email: eturret@jenner.com
        Email: mspurgin@jenner.com

b. **Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third-party claims.**

Plaintiff Manuel Rivera alleges that Defendants the Board of Trustees of the University of Chicago and Michael Hayes (collectively, "the University") violated the Fair Housing Act, 42 U.S.C. §§ 3604(b) and 3617; the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*; Chicago Municipal Code § 5-12-160; and Title VI of the Civil Rights Act, 42 U.S.C. §§ 2000d *et seq*; and breached a contract with Plaintiff. Plaintiff also alleges claims against the University and John Doe defendants for unlawful eviction in tort and violation of 42 U.S.C. § 1981. Plaintiff additionally alleges unlawful First Amendment retaliation under 42 U.S.C. § 1983 against only the John Doe defendants. *See* ECF No. 13. No counterclaims or third-party claims have been asserted to date.

c. **Briefly identify the major legal and factual issues in the case.**

The major legal and factual issues in the case focus on whether the University unlawfully discriminated against Plaintiff on the basis of his race or national origin when it (1) placed him on involuntary leave pending the University's disciplinary process, and (2) suspended him at the conclusion of the University's disciplinary process. The other claims focus on whether the circumstances in which the University required Plaintiff to vacate his campus housing violated state or local law. *See* ECF No. 13.

d. **State the relief sought by any of the parties.**

As alleged in the Amended Complaint, for each count, Plaintiff seeks monetary damages of at least $50,000, as well as costs, attorney fees, and other relief that this Court deems appropriate. *See* ECF No. 13.

II. **Jurisdiction**: **Explain why the Court has subject matter jurisdiction over the plaintiff's claims.**

a. **Identify all federal statutes on which federal question jurisdiction is based.**

The basis for federal subject matter jurisdiction over Plaintiff's federal claims—under the Fair Housing Act, § 1981, Title VI, and § 1983—is 28 U.S.C. § 1331.

    **b. If jurisdiction over any claims is based on diversity or supplemental jurisdiction, (1) state whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy; and (2) identify the state of citizenship of each named party.**

The basis for this Court's jurisdiction over the claims brought under state and local law—for unlawful eviction in tort, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, breach of contract, and violation of Chicago Municipal Code § 5-12-160—is supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

Based on the statements in Plaintiff's amended complaint, the total amount in controversy may exceed the jurisdictional threshold for diversity jurisdiction. The state of citizenship for the University of Chicago and Michael Hayes is Illinois. The state of citizenship for Plaintiff is Florida.

**III.**    **Status of Service: Identify any defendants that have not been served. If plaintiff has failed to complete service of process on all defendants, then counsel must describe the efforts to perfect service to date, and provide an estimate for completion of service consistent with Federal Rule of Civil Procedure 4**.

Defendants John Does 1 through 4 have not been served. At this time, Plaintiff does not know their identities. Plaintiff expects to learn their identities in discovery and will seek to amend the Complaint and issue summons when that information becomes available.

**IV.**    **Motions: Briefly describe any pending motions and state whether the defendant(s) anticipate responding to the complaint by filing an answer or by means of a motion**.

The University filed a Motion to Dismiss Plaintiff's Amended Complaint on May 7, 2025. *See* ECF No. 19. Plaintiff's response to the Motion to Dismiss is due by June 4, 2025. Plaintiff has filed a motion for additional time to respond to the Motion to Dismiss.

**V.**    **Case Plan**

    **a. Submit a proposal for discovery.**

Given the pending motion to dismiss all claims against the University, the University proposes delaying discovery, including initial disclosures, until the motion to dismiss is resolved. Plaintiff opposes delaying discovery, as it is necessary to determine the identities of the John Doe defendants. The University's position is that there is no basis for a claim against the John Doe defendants, for reasons including those stated in the University's brief in support of its motion to dismiss Plaintiff's initial complaint (as to the First Amendment claim, asserted against only the John Doe defendants in Plaintiff's amended complaint), ECF No. 11, and the University's brief in support of its motion to dismiss Plaintiff's amended complaint (as to all other claims against the John Doe defendants, which are asserted against the University defendants as well), ECF No. 20. If the University's Motion to Dismiss is not granted in full, the parties jointly propose to meet and confer within 14 days of the Motion's resolution to propose a discovery plan tailored to the scope of any remaining claims.

    **b. With respect to trial, indicate (1) whether a jury trial is requested and (2) the probable length of trial.**

Neither party has requested a jury trial. If the University's Motion to Dismiss is not granted in full, the parties can update the Court regarding the probable length of trial for any remaining claims.

**VI. Consent and Settlement Discussions**

    **a. Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge and state whether all parties unanimously consent to do so.**

Counsel has informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge. The parties do not unanimously consent to that procedure.

    **b. Describe the status of any settlement discussions conducted to date and advise whether the parties mutually request a settlement conference at this time.**

No settlement discussions have been conducted to date and the parties do not mutually request a settlement conference at this time. However, Plaintiff would be interested in a settlement conference upon resolution of the pending motion to dismiss.

Dated: May 19, 2025

Respectfully Submitted,

By: */s/ Sheryl Weikal*

Sheryl Weikal
518 South Route 31, Suite 113
McHenry, IL 60050
Telephone: (847) 975-2643
Email: sheryl@weikallaw.com

*Counsel for Plaintiff Manuel Rivera*

By: */s/ Kathryn L. Wynbrandt*

Kathryn L. Wynbrandt
Erica S. Turret (admitted *pro hac vice*)
Mary-Claire Spurgin (admitted *pro hac vice*)
JENNER & BLOCK LLP
1099 New York Ave. NW
Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066
KWynbrandt@jenner.com
ETurret@jenner.com
MSpurgin@jenner.com

*Counsel for Defendants Board of Trustees of the University of Chicago and Michael Hayes*

## **CERTIFICATE OF SERVICE**

I certify that on May 19, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

/s/ *Kathryn L. Wynbrandt*